UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUEL BELTRAN          :

v.                      :          NO. 3:09cv1880 (JBA)

WARDEN MURPHY           :


RULING ON PENDING MOTIONS

On February 22, 2010, the court issued an order directing petitioner to file an amended petition for writ of habeas corpus on a court form as required by Local Rule 8(b). The amended petition was to be filed within twenty days of the court's order. Petitioner failed to file an amended petition within the time specified in the court's order. On April 9, 2010, the court issued an order dismissing the case without prejudice. On April 22, 2010, petitioner filed a notice of appeal of the court's dismissal order.

The plaintiff has filed a motion for appointment of counsel [Doc. # 11] and to reopen judgment [Doc. #12] and seeks to proceed *in forma pauperis* on appeal [Doc. #10]. The procedure for seeking to appeal *in forma pauperis* in the Court of Appeals when the petitioner has not already been granted leave to proceed *in forma pauperis* is governed by Rule 24 of the Federal Rules of Appellate Procedure. Rule 24(a)(1) states in relevant part that:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in district court. The party must attach an affidavit that:
>   (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>   (B) claims an entitlement to redress; and
>   (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. Rule 24(a)(1) (Form 4 attached).

The court previously denied Mr. Beltran leave to commence his habeas petition *in forma pauperis* and the docket shows the $5.00 fee was paid February 9, 2010. Thus, his motion for leave to appeal *in forma pauperis* requires compliance with Rule 24(a). Although Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit [Doc. # 10] is not on Form 4 of the Appendix of Forms, it contains the same required details. However, petitioner's earlier-filed Prisoner Trust Account, dated December 11, 2009 does not reflect activity for "the six month period immediately preceding the filing of the ... notice of appeal, obtained from the appropriate official" where petitioner is confined. 28 U.S.C. § 1915(a)(2). In addition, Petitioner provides no affidavit that meets the requirements of Rule 24(a)(1)(B) and (C). Thus, his motion to proceed *in forma pauperis* is deficient and is denied without prejudice.

Petitioner has also filed a motion to reopen this action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which provides that:

> the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons:
>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). . . .;
>  (3) fraud . . . misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason justifying the relief from the operation of judgment."

Rule 60(b), Fed. R. Civ. P. Any motion for relief from judgment must be filed "within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment,

order or proceeding was entered or taken." Id.

Petitioner's motion is timely filed and in it he claims that he failed to respond to the court's order to file an amended petition on a court-approved form because he was under the impression that he had filed his original petition for writ of habeas corpus on the proper court form. He seeks to reopen the judgment based on excusable neglect or mistake.

Attached to his motion are copies of two petitions for writ of habeas corpus that petitioner maintains were filed with or mailed to the court when he commenced this action on November 19, 2009. The first petition attached to the motion to reopen is on a section 2254 form approved in this District and is dated October 26, 2009. It is incomplete, however, because pages 2, 4, 6, 8, 10, 12, 14, 16, 18 and 20 are missing. The second petition attached to the motion to reopen is not on a form approved in this District and is dated April 19, 2010. Thus, it could not have been filed with the court in November 2009. In fact, neither petition was received by the court and filed in this action. The only petition received and docketed by the court is not on a habeas form. (*See* Doc. No. 1.)

It is apparent that petitioner attempted to complete a court-approved section 2254 habeas form on October 29, 2009, but for some reason this form was not mailed to or received previously by the court. Petitioner claims that he did not respond to the court's order to file an amended petition on a court-approved form because he mistakenly believed that he had filed his original petition for writ of habeas corpus on the required court form. The court concludes that petitioner's failure to respond to the order directing him to file an amended petition on a form

approved by the court was due to mistake or excusable neglect. Accordingly, the motion to reopen judgment is granted. Petitioner shall file an amended petition on the proper court form within twenty days of the date of this order. Failure to file an amended petition within the specified time will result in dismissal of this action without further notice from the court.

Petitioner also seeks appointment of counsel, which the court will construe as addressed to the underlying habeas petition on which judgment has now been re-opened. Until the petitioner files his amended petition, as directed above, the court cannot determine whether a hearing will be necessary or whether justice requires the appointment of habeas counsel. Accordingly, the motion is denied without prejudice to renewal after the amended petition is filed.

The Motion to Reopen [Doc. # 12] is GRANTED and the Clerk is directed to send petitioner blank Form 4 (Affidavit to Accompany Motion for Leave to Appeal *In Forma Pauperis)* and blank District of Connecticut Amended Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 By a Person in State Custody with a copy of this Ruling and Order. Petitioner's Application to Proceed without Prepayment [Doc. # 10] and for Motion for Appointment of Counsel [Doc. # 11] are denied.

IT IS SO ORDERED.

/s/_____
Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut this 16th day of November 2010.